**COLIN M. RUBICH**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**2601 Second Ave. N., Ste. 3200**
**Billings, MT 59101**
**Phone: (406) 247-4684**
**Fax: (406) 657-6989**
**E-mail: Colin.Rubich@usdoj.gov**

**FILED**

**DEC 18 2018**

Clerk, U.S. Courts
District Of Montana
Billings Division

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 18-85-BLG-DLC** |
| **Plaintiff,** | **CR 18-149-BLG-DLC** |
| **vs.** | |
| **LARRY WAYNE PRICE JR.,** *aka L.J. Price,* | **AMENDED PLEA AGREEMENT** |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States, represented by Assistant U.S. Attorney Colin M. Rubich, and the defendant,

Larry Wayne Price Jr., *aka L.J. Price*, and his attorney, Thomas J. Bondurant, Jr.,

have agreed upon the following:

1.      **Scope:** This plea agreement is between the United States Attorney's

Office for the District of Montana, the Western District of Virginia, and the

defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.    **Charges:** In CR 18-85-BLG-DLC, the defendant agrees to plead guilty to the superseding information. Counts I-III of the superseding information charge wire fraud in violation of 18 U.S.C. §1343. These offenses carry a maximum punishment of 20 years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment. Count IV of the superseding information charges conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). This offense carries a maximum punishment of 20 years imprisonment, a fine of $500,000 or twice the value of the property involved in the transaction, whichever is greater, three years of supervised release, and a $100 special assessment. The defendant will also admit the forfeiture allegation contained in the superseding information.

At the time of sentencing, the United States will move to dismiss the indictment in CR 18-85-BLG-DLC, if the Court accepts this plea agreement.

In CR 18-149-BLG-DLC, the defendant agrees to plead guilty to Count II of the indictment. Count II of the indictment charges false statements in violation of 18 U.S.C. §1001(a)(2). This offense carries a maximum punishment of five years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

At the time of sentencing, the United States will move to dismiss counts I and III of indictment in CR 18-149-BLG-DLC, if the Court accepts this plea agreement.

Prior to the guilty plea in this matter, the United States, in both the District of Montana and the Western District of Virginia, and the defendant, will all agree and consent to a transfer of jurisdiction to the District of Montana pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

**3.    Nature of the Agreement:**  This plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).  The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, the indictment in CR 18-85-BLG-DLC and counts I and III of indictment in CR 18-149-BLG-DLC; b) consents to the Rule 20 transfer of jurisdiction to the district of Montana in 1:18-cr-00015 (now CR 18-149-BLG-DLC); and c) makes the recommendations provided below.  The defendant understands that if the agreement is accepted by the Court, and the indictment in CR 18-85-BLG-DLC is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

**4.    Admission of Guilt:**  The defendant will plead guilty because the defendant is guilty of counts I through IV contained in the superseding information

in CR 18-85-BLG-DLC and the sole count contained in the indictment in 1:18-cr-

00015.  In pleading guilty to counts I through III of the superseding information in

CR 18-85-BLG-DLC, the defendant acknowledges that:

> **First,** that the defendant devised a scheme to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises;

> **Second,** the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

> **Third,** the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

> **Fourth,** the defendant used, or caused to be used, wire, radio, or television communication in interstate or foreign commerce to carry out or attempt to carry out an essential part of the scheme.

In pleading guilty to count IV of the superseding information in CR18-85-

BLG-DLC, the defendant acknowledges that:

> **First,** there was an agreement between two or more people to commit certain offenses under 18 U.S.C. § 1956, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud; and;

> **Second,** the defendant entered the agreement knowing of its objectives and intending to accomplish at least one of those objectives.

In pleading guilty to count II in the indictment in CR 18-149-BLG-DLC, the defendant acknowledges that:

**First,** the defendant made a statement;

**Second,** the statement was false;

**Third,** the statement was material; and

**Fourth,** the defendant acted knowingly and willfully.

Finally, the defendant admits, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to forfeit any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses to which he will plead guilty or which is a substitute asset. The property includes, but is not limited to, the following:

- Money judgment of $20,321,134.00 (in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property);

- Lot 1, Block 1, of Price Subdivision, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said county, under Document No. 3724345, together with all buildings, improvements, fixtures, easements, and appurtenances thereto;

- Lot 2, Block 1, of Price Subdivision, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said county, under Document No. 3724345, together with all buildings, improvements, fixtures, easements, and appurtenances thereto;

- Lot 3, Block 1, of Price Subdivision, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said county, under Document No. 3724345, together with all buildings, improvements, fixtures, easements, and appurtenances thereto;

- Lot 4, Block 1, of Price Subdivision, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said county, under Document No. 3724345, together with all buildings, improvements, fixtures, easements, and appurtenances thereto;

- a 2016 Quantum RS26 Class C Motorhome, VIN 1FDXE4F86GDC25523;

- 1071 Lodge Drive, Bastian, VA 24314, Parcel ID #74A22;

- 5875 Whispering Woods Drive, Billings, MT 59106, Tax ID : A30501;

- 3533 Ferncliff Road, Pulaski, VA 24301, Tax ID 092-007-0000-0008;

- 6957 Owens Road, Radford, VA 24141, Tax ID 075-002-0001-0017;

- 2017 Trailstar Boat Trailer, VIN: 4TM19GH18HB00102;

- 2017 Big Tex Trailer 14ET34SFGN, VIN: 16VEX3424F2000941;

- 2017 Trailstar Boat Trailer, VIN: 4TM13MU25HB001075;

- 2018 Load Rite Boat Trailer, VIN: 5A4JG6X25J2010168;

- 2017 Tracker, Hull ID No. BUJ31030E617;

- 2017 Ranger, Hull ID No. RGR12251A617;

- 2017 Tracker, Hull ID No. BUJ10087A717;

- 2017 Ranger, Hull ID No. RGR12251A617;

- 2017 Tracker, Hull ID No. BUJ10087A717;

| CMR | RR | LC | DB | 12/18/18 | |
| --- | --- | --- | --- | --- | --- |
| AUSADMT | AUSAWDVA | DEF | ATTY | Date | Page 6 |

- 2017 Sea Ray, Hull ID No. SERV1829J617; and

- Jewelry purchased after October 1, 2016.

The United States agrees that any forfeited property will be used to satisfy the restitution requirements in this case until all victims eligible for restitution have been made whole. Once all victims have been made whole, any remaining property subject to forfeiture will remain forfeited and the United States will dispose of it via the normal procedures governing forfeiture, not to exceed the amount of the money judgment $20,321,134.00. Any restitution payments made prior to or after the filing of the Superseding Information will be credited to and used to offset the forfeiture amount and money judgment figure included in this plea agreement.

**5.** **Waiver of Rights by Plea:**

(a)    The defendant is entitled to have the charges outlined in superseding information filed in CR 18-85-BLG-DLC prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b)    The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

| cmr | KR | LP | nl | 12/18/18 | |
|-----|-----|-----|-----|-----|-----|
| AUSADMT | AUSAWDVA | DEF | ATTY | Date | Page 7 |

(c)     The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d)     The defendant has the right to a jury trial unless, by written waiver the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(e)     The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

| cmr | K/k | LP | TP | 12/18/18 | |
|-----|-----|-----|-----|-----|-----|
| AUSADMT | AUSAWDVA | DEF | ATTY | Date | Page 8 |

(h)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(j)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

| CmR | RR | LP | BB | 12/18/18 | |
|-----|-----|-----|-----|-----|-----|
| AUSADMT | AUSAWDVA | DEF | ATTY | Date | Page 9 |

(l)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6.     **Recommendations:** The parties jointly agree that the defendant will receive a 20-point enhancement pursuant to USSG §2B1.1(b)(1)(K) for the loss caused by the offense in this case, and the United States agrees not to seek a higher enhancement for loss under 2B1.1(b)(1).  The United States will also recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility.  The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.  The United States also agrees to not seek the imposition of a fine against the defendant.  The parties reserve the right to make any other arguments at the time of sentencing.  The defendant understands that the Court is not bound by this recommendation.

| cmr | KR | LP | DB | 12/18/18 | |
|-----|-----|-----|-----|-----|-----|
| AUSADMT | AUSAWDVA | DEF | ATTY | Date | Page 10 |

7.    **Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.    **Potential Departure for Substantial Assistance:** The defendant maintains that the defendant can provide substantial assistance to the United States that would make the defendant eligible to receive consideration from the prosecution in the form of a substantial assistance departure motion under USSG §5K1.1 and/or 18 U.S.C. § 3553(e) and/or Rule 35, Federal Rules of Criminal Procedure.

*Obligations of the defendant*: Substantial assistance means, for the purposes of this agreement that the defendant agrees to:

- cooperate fully with law enforcement agents and disclose to them, at any time requested by them, his knowledge of any criminal activity.

- waive any right he may have to refuse to answer any questions posed by law enforcement agents.

- provide complete, truthful, forthright, material, important, valuable, and meaningful information to the best of the defendant's knowledge and belief bearing on any subject inquired of the defendant by the Court, the United States Attorney's Office,

CMR
AUSADMT

RR
AUSAWDVA

LP
DEF

TSB
ATTY

12/18/18
Date

Page 11

the Grand Jury, or any

Federal, State, or local investigative agency, and

- provide complete, truthful, and forthright testimony if called upon in any proceeding, at any time, before a court or grand jury.

The defendant understands that providing materially false information or withholding material information may result in further criminal action for fraud, false statements, obstruction of justice, or perjury.

The defendant understands his attorney may be present at any contact with any government personnel.   Government agents are required to receive permission from defense counsel prior to any contact with the defendant.

*Obligations of the United States*: If the defendant chooses to provide assistance, the prosecution agrees that the information provided will not be used against the defendant in any criminal proceeding, including at the defendant's own sentencing. This testimonial restriction does not extend to forfeiture or other civil issues.

The United States will consider and evaluate any written proffer or nature of the information and the recommendations of law enforcement. If the prosecution concludes that the assistance provided is substantial, truthful, and complete, as required, a departure motion determined by the United States to be appropriate under the circumstances will be made. **The defendant is not**

CmR         RR         LP         DB         12/18/18
AUSADMT   AUSAWDVA   DEF       ATTY       Date                    Page 12

offered or promised that a departure motion, or any specific type of motion, will be filed by the United States.

*Acknowledgments*: The defendant acknowledges that if the defendant commits any local, state, or federal crime (other than at the direction of law enforcement in furtherance of an investigation) that diminishes the defendant's credibility or effectiveness as a witness, the United States may, in the prosecutor's discretion, refuse to file any departure motion even though the defendant may have also provided assistance that is otherwise considered substantial. The defendant acknowledges that no promise has been made and accepts this agreement aware that no such motion will be filed if the United States determines that the information is untruthful, willfully incomplete, of little value, or insubstantial.

*Recommendations*: If the government makes a motion for reduction of sentence, the defendant understands that the United States will also make a recommendation to the Court about the extent of the departure. The defendant is free to argue for a sentence below the government's recommended departure. Although the Court is required to impose any applicable statutorily required penalties, the parties understand that the Court is not bound by the recommendations of either party.

| | | | | | |
|---|---|---|---|---|---|
| CMR | RR | LP | TB | 12/18/18 | |
| AUSADMT | AUSAWDVA | DEF | ATTY | Date | Page 13 |

9.      **Waiver of Appeal of the Sentence – General:**  The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case.  18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release.  This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction.  This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

10.      **Completion of Prosecution:** The United States agrees that if the defendant complies with his obligations under the plea agreement, it will not charge the defendant with any non-violent criminal offense in violation of federal law which was committed within the Western District of Virginia or the District of Montana prior to the execution of this agreement, and about which the United States Attorney's Offices executing this document were aware prior to such execution. However, the United States expressly reserves its right to prosecute the defendant for any crime of violence, as defined in 18 U.S.C. § 16.

11.      **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to

---

CMR
AUSADMT

KR
AUSAWDVA

LP
DEF

TOP
ATTY

12/18/18
Date

Page 14

induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

**12.     Detention/Release After Plea:**  The United States agrees to recommend that the defendant will remain free on bond pending sentencing, provided he continues to abide by the conditions set by the court for his release. The United States further agrees to recommend that the defendant be allowed to self-report to the Bureau of Prisons if he is required to be incarcerated provided that he has fully abided by the conditions of his release at time of his sentencing.

**13.     Breach:**  If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

**14.     Entire Agreement:**  Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  This plea agreement constitutes the entire agreement between the parties.  Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

//

KURT G. ALME
United States Attorney

COLIN M. RUBICH
Assistant U. S. Attorney
Date: 12/18/18

LARRY WAYNE PRICE, JR.
Defendant
Date: 12-18-18

THOMAS J. BONDURANT, JR.
Defense Counsel
Date: 2/18/2018

RANDY RAMSEYER
Assistant U. S. Attorney
Western District of Virginia
Date: 12-17-2018