IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–85–BLG–DLC |
| Plaintiff, | CR 18–149–BLG–DLC |
| vs. | ORDER |
| LARRY WAYNE PRICE, JR., | |
| Defendant. | |

Before the Court are Defendant's Amended Motion for Release of Secured Bond (Doc. 64) and Unopposed Motion for Leave to File Joint Motion to Continue Under Seal (Doc. 65). The Court finds that the lodged continuance motion (Doc. 66) contains information which warrants filing it under seal.

The Court is less convinced as to the propriety of granting Defendant's Amended Motion for Release of Secured Bond. Defendant has two consolidated cases pending before this Court, as reflected in the caption. One of these cases originated in the Western District of Virginia and was transferred to this district. Before the case was transferred, the United States District Court for the Western District of Virginia apparently ordered Defendant to post a $500,000 security bond as one condition upon his release pending trial. (Doc. 64 at 2.) On October 30, 2018, $250,000 of that security bond was transferred to this district from the Western District of Virginia and was "to be held until further order of the Court."

-1-

(Doc. 38 at 1.) Defendant has remained released by this Court and is subject to a number of conditions upon his release which includes that his "previously posted $250,000 bond shall remain in effect" and that he "must comply with all release conditions as set forth" by the Western District of Virginia (Doc. 20 at 2.) Defendant now requests that this Court release the appearance bond to "the trust account held at Gentry Locke LLP, where such funds will be held subject to the Preliminary Injunction pursuant to the Civil Case." (Doc. 64 at 2.) In support, Defendant provides no more than a reference to an unidentified civil case and his assertion that he has complied with the condition of his release. (*Id.*) The Court finds this request unsupported. First, although the Court is loath to state the obvious, the Court expects Defendant to comply with the conditions of his release, that is why they were imposed. Defendant's compliance with those conditions alone does not warrant their alteration. Second, while Defendant asserts that there is a preliminary injunction in "the Civil Case," he has not provided a citation to "the Civil Case" which would allow this Court to identify that litigation, he has not provided a copy of the preliminary injunction which he asserts would control the released funds, nor has he provided any argument connecting the existence of this preliminary injunction to a reason for the Court to release the $250,000 provided by Defendant to ensure his continued appearance and cooperation. Further, the

Court finds Defendant's request particularly alarming given the recent developments relating to Defendant's pending forfeiture and restitution obligations. Accordingly,

IT IS ORDERED that Defendant's Amended Motion for Release of Secured Bond (Doc. 64) is DENIED.

IT IS FURTHER ORDERED that Defendant's Unopposed Motion for Leave to File Joint Motion to Continue Under Seal (Doc. 65) is GRANTED and the Clerk of Court is directed to file the lodged document (Doc. 66) under seal in this case.

DATED this 16th day of August, 2019.

Dana L. Christensen, Chief District Judge
United States District Court