IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY WAYNE PRICE, Jr.,<br><br>Defendant. | CR 18–85–BLG–DLC<br>CR 18–149–BLG–DLC<br><br>ORDER |

On October 2, 2020, Defendant Larry Wayne Price, Jr. ("Price") was sentenced to federal custody for his role in multimillion-dollar fraud scheme. (Doc. 91.) However, because the Court determined that the fraud victims' losses were not ascertainable presentencing (Doc. 89), it referred the restitution issue to United States Magistrate Judge Kathleen L. DeSoto to make proposed findings of fact and recommendations. *See* 18 U.S.C. § 3664(d)(5)–(6). Consequently, Judge DeSoto held a hearing on November 6, 2020 and entered Findings and Recommendations on November 18, 2020. (Doc. 115, CR 18–85–BLG–DLC; Doc. 31, CR 18–149–BLG–DLC.)[1]

Judge DeSoto found Defendant Larry Wayne Price, Jr.'s ("Price") argument that deductions should be applied to reduce the victims' total loss amount

---

[1] Two docket numbers are associated with this case. Throughout this Order, the Court will refer to documents in the lead case only: CR 18–85–BLG–DLC.

unpersuasive. (Doc. 115 at 5.) Thus, she recommends that the Court order Price to pay $20,221,134.00 in restitution, as set out in the Presentence Investigation Report. (Docs. 115, 93.) Price timely filed a Notice of Objection to Findings and Recommendation Regarding Restitution Hearing. (Doc. 116.)

### STANDARD OF REVIEW

The Court reviews de novo "those portions of . . . specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Those portions of findings and recommendations not specifically objected to are reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell v. Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Only generously can Price's two bald objections to the Findings and Recommendations be characterized as specific; rather, they are "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments" Price presented to the magistrate judge. *C.f. Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. 2014). However, out of an abundance of caution, the Court will review the Findings and Recommendations de novo,

despite Price's failure to engage in any analysis or cite to any legal authority to explain why he disagrees with Judge DeSoto's proposed disposition.

## DISCUSSION

Judge DeSoto's Findings and Recommendations provides a thorough and unobjected-to recitation of underlying facts in this case; thus, the Court will refer to this case's factual and procedural history only as necessary make sense of this ruling. (*See* Doc. 115 at 2–5.)

In short, over the course of two years, Price capitalized on his expertise and relationships in the mining industry to embezzle millions of dollars from three companies: Ninety M, LLC ("Ninety M"); Three Blind Mice, LLC[2] ("Three Blind Mice"); and Signal Peak Energy. (*See, e.g.*, Doc. 93 at 5.) At the hearing before Judge DeSoto, Price and the government agreed that $20,221,134.00, as calculated in the Presentence Investigation Report, accurately reflects the total losses these entities and their individual members suffered as a result of Price's criminal activities. (Docs. 93 at 8; 115 at 4; 116 at 2.) However, Price contends that the Court should make deductions from this amount to account for properties he transferred to Three Blind Mice prior to being indicted. (Docs. 113 at 3; 115 at 10.)

---

[2] Three Blind Mice is composed of three individual members: Stephen Casher, Dr. Robert Schlidt, and Dr. Raoul Joubran. Casher, Schlidt, and Joubran seek restitution individually to recover losses they suffered as members of Three Blind Mice. (Doc. 93 at 8.)

Judge DeSoto found that Price failed to carry his burden to establish his right to a deduction. (Doc. 115 at 8 (citing *United States v. Gagarin*, 950 F.3d 596, 608 (9th Cir. 2020)).) Specifically, she explained that the evidence Price presented to support the proposed deductions left the status of the properties unascertainable. (*Id.* at 11.) And, without evidence to establish whether Three Blind Mice had sold the properties or for what price, Judge DeSoto said, the total restitution amount cannot be reduced on that basis. (*Id.*)

As already noted, Price objects to Judge DeSoto's findings in two conclusory sentences. First, he objects "to [the] determination that the transfer of the properties did not result in value being conveyed to Three Blind Mice and Ninety M at the time of transfer." (Doc. 116 at 2.) Second, he avers that Judge DeSoto erred in finding "that there is not sufficient evidence of value for the Court to determine that the combined value of the eight properties transferred by quit claim (sic) deed exceeds the amount of restitution owed to Three Blind Mice and Ninety M." (*Id.*) On both counts, the Court disagrees.

In relevant part, the Mandatory Victims Restitution Act of 1996 allows a reduction in the restitution amount for "the value (as of the date the property is returned) of any part of the property that is returned" to identified victims. 18 U.S.C. § 3663A(b)(1)(B). "[T]he statutory phrase 'any part of the property' refers only to the specific property lost by a victim, which, in the case of a fraudulently

obtained loan, is the money lent." *Robers v. United States*, 572 U.S. 639, 640–41 (2014).  Thus, "a sentencing court must reduce the restitution amount by the amount of money the victim received in selling the [collateral for the loan], not the value of the collateral when the victim received it."  *Id.* at 641.

Here, and contrary to Price's first objection, Judge DeSoto did not find that "the transfer of the properties did not result in value being conveyed" to Three Blind Mice.  Instead, she applied the holding in *Robers* to find that the evidence Price proffered to support a deduction is inadequate to establish that victims received any money for *selling* the properties.  (Doc. 115 at 11.)  While properties at issue here were not traditional collateral, perhaps, the Court agrees that the *Robers* principle still applies.  That is, the specific property lost by the victims in this case was the money they lent, not the value of the properties Price conveyed to them in a Hail Mary play to avoid federal prosecution.  Although Price produced evidence that arguably reflects the properties' respective values at the time of their conveyance (Docs. 113-1, 113-2, 133-3), the record and his Notice of Objection (Doc. 116) are devoid of indication that the victims in this case received any amount of money for selling the properties.  That Price feverishly off-loaded properties with some value at the eleventh hour is inapposite to the question of whether the restitution amount should be reduced.  *See Robers*, 572 U.S. at 641.

For the same reason, Price's second objection fails.  Again, the issue here turns not on whether the properties Price deeded to Three Blind Mice held value at the time of transfer, but rather whether any evidence shows that the victims received money for their sales.  *Id.*  Nothing in the record, nor in Price's Notice of Objection, indicates that such evidence exists.  Thus, the Court agrees that Price fails to meet his burden to prove that undisputed total restitution amount should be reduced.  *See Gagarin*, 950 F.3d at 608.  However, as Judge DeSoto notes, the forfeiture process to which all the properties are subject will ultimately reduce the restitution owed each victim as the proceeds from each sale are allocated and dispersed.

## ORDER

Following de novo review, IT IS ORDERED that Judge DeSoto's Findings and Recommendations (Doc. 115, CR 18–85–BLG–DLC; Doc. 31, CR 18–149–BLG–DLC) is ADOPTED IN FULL.

Accordingly, IT IS FURTHER ORDERED that the Judgment entered in this case on October 2, 2020 (Doc. 91, CR 18–85–BLG–DLC; Doc. 22, CR 18–149–BLG–DLC) is AMENDED to require Price to pay $20,221,134.00 in total restitution.  The total amount shall be apportioned as follows:

    (1)    Price shall pay Signal Peak Energy $2,396,134.00 in restitution;

    (2)    Price shall pay Ninety M $10,325,000.00 in restitution; and

(3) Price shall pay the members of Three Blind Mice $7,500,000 in restitution, apportioned as follows:

    (a) Stephen Casher is owed $1,250,000.00;

    (b) Dr. Robert Schlidt is owed $1,250,000.00; and

    (c) Dr. Raoul Joubran is owed $5,000,000.00.

Finally, IT IS ORDERED that Three Blind Mice and Ninety M shall report to the United States Attorney's Office all net proceeds received by the sale of the real property subject to forfeiture in this matter. The net proceeds reported shall be supported by documentation of the property sales. The United States Attorney's Office shall reduce the restitution owed in accordance with the net proceeds obtained by Three Blind Mice and Ninety M through the sale of the real property.

DATED this 1st day of December, 2020.

_Dana L. Christensen_
Dana L. Christensen, District Judge
United States District Court